IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY RICHARDSON,

    Petitioner,                    No. CIV S-08-3027 GGH P

    vs.

SACRAMENTO SUPERIOR COURT,

    Respondents.               ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner appears to challenge a conviction from Stanislaus County and an ongoing criminal action in Sacramento County. Petitioner may only challenge one state conviction in this habeas petition. See Rule 2(e), Federal Rules Governing Section 2254 Cases. Stanislaus County is part of the Fresno Division of the United States District Court for the Eastern District of California. See Local Rule 3-120(d). Accordingly, petitioner's claims

1

regarding his Stanislaus County conviction should be raised in a separate petition filed in the Fresno Division.

As stated above, it appears that petitioner is challenging ongoing criminal proceedings in Sacramento County. When a petitioner seeks relief in federal court that would interfere with an ongoing state judicial proceeding, the federal action must be dismissed pursuant to Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746 (1971) if the state proceeding: 1) is ongoing; 2) implicates important state interests; and 3) provides that plaintiff has an adequate opportunity to litigate the federal claims. Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001). Petitioner has not met these requirements.

If petitioner is challenging a Sacramento County conviction, it does not appears that the claims regarding the criminal proceedings in Sacramento County are exhausted.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

For the reasons discussed above, the petition is dismissed with leave to amend. If petitioner files an amended petition, he must only include his claims against Sacramento County. Petitioner must also clarify whether he is challenging ongoing criminal proceedings and, if not, whether his claims have been exhausted.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2. The petition is dismissed with thirty days to file an amended petition; failure to file an amended petition within that time will result in a recommendation of dismissal of this action.

DATED: January 23, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE